**GREENWOOD'S TRANSFER & STORAGE CO., INC., Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

**No. 87–1349.**

District of Columbia Court of Appeals.

Submitted Jan. 18, 1989.

Decided Feb. 17, 1989.

Dorsey Evans, with whom David A. Nestelbaum, Washington, D.C., was on the brief, for petitioner.

· Susan S. McDonald, Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

\*\* Associate Judge Schwelb has recused himself from this case.

Before BELSON and SCHWELB, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

This is a petition for review of a decision of the Director of the District of Columbia Department of Employment Services (DOES) dismissing as untimely filed petitioner's administrative appeal of a workers' compensation order. Petitioner contends that the time for filing the appeal had not run because the order was served upon petitioner's counsel rather than petitioner as required by statute.[1] We affirm.

The facts in this case are essentially undisputed. On October 30, 1986, a DOES hearing examiner issued a compensation order granting a claimant workers' compensation from, and imposing a penalty on, petitioner. That same day, a copy of the order was mailed by certified mail, return receipt requested, to petitioner's counsel of record. Although mailed to the correct address, "for unknown reasons" counsel did not claim the letter. After remaining at the local post office for thirty days, it was returned to DOES marked "unclaimed." During this thirty-day period, a copy of the order was filed with the DOES Office of General Counsel.[2]

DOES subsequently sent another copy of the order to petitioner's counsel at the same address, this time by regular mail, which the latter acknowledged receiving on December 9, 1986. Petitioner's counsel filed an appeal of the order with DOES on December 29, 1986, fifty-five days after the order was originally filed with the Department's Office of General Counsel. The Director of DOES dismissed the appeal as untimely filed. This appeal followed.

█ Petitioner contends that service of the compensation order was ineffective because it was mailed to its counsel and not, as required by D.C.Code § 36–320(e), to petitioner.[3] We disagree. Petitioner was represented by counsel at the initial claims hearing, and it is to that counsel that the copy of the compensation order was mailed. Notice of a civil or administrative action by a board or commission given to the counsel of a party is considered notice to the party. *See St. Louis v. Alverno College,* 744 F.2d 1314, 1316 n. 4 (7th Cir.1984); *Bell v. Brown,* 181 U.S.App.D.C. 226, 233 & n. 60, 557 F.2d 849, 856 & n. 60 (1977); *Aberson v. Glassman,* 70 F.R.D. 683, 684 & n. 3 (S.D.N.Y.1976); *Moore v. Commonwealth, Pennsylvania Bd. of Probation & Parole,* 94 Pa.Cmwlth. 527, 528, 503 A.2d 1099, 1100 (1986); *Griffith v. Griffith,* 38 N.C. App. 25, 28, 247 S.E.2d 30, 33, *cert. denied,* 296 N.C. 106, 249 S.E.2d 804 (1978); *Ryan v. Brady,* 34 Md.App. 41, 53, 366 A.2d 745, 752 (1976); *see also Christian v. Bruno,*

---

1. At the outset, we dispose of petitioner's two ancillary arguments. Petitioner argues that service of the compensation order was ineffective because a copy of the order was not filed with the Mayor. While the D.C. Workers' Compensation Act of 1979, D.C.Law 3–77, 27 D.C.Reg. 2503 (1979) (codified at D.C.Code §§ 36–301 to –345 (1988 Repl.)), requires that a copy of the compensation order be filed with the Mayor, *see* D.C.Code § 36–320(e) (1988 Repl.), petitioner overlooks the fact that the Mayor's functions under the Act have been delegated to the Director of DOES, *see Lee v. District of Columbia Department of Employment Services,* 509 A.2d 100, 102 n. 1 (D.C.1986), who has in turn directed that compensation orders be filed with the DOES Office of General Counsel—a determination which is neither plainly erroneous nor inconsistent with the intent of the statute, *see Reichley v. District of Columbia Department of Employment Services,* 531 A.2d 244, 247 (D.C. 1987).

 Petitioner next argues that the time for appealing the compensation order runs from the date of its receipt by the employer. Petitioner's

reliance on 7 DCMR § 228.4 (1986) for this proposition, though, is entirely misplaced. That provision states: "Whenever the [Workers' Compensation] Act or this chapter provides a time period during which an action is to be taken, *unless otherwise expressly provided,* the time period shall run from the actual receipt of a document." (Emphasis added.) However, D.C. Code § 36–322(b)(2) (1988 Repl.) "expressly provides" that "[a]pplication for ... review [of a compensation order] shall be made ... within thirty days from the date a compensation order is filed as provided in § 36–320."

2. The date of the filing was November 4, 1986.

3. In passing, we observe an inconsistency between petitioner's assertion that service upon its counsel was ineffective because the statute requires service on the employer, and its argument that the time for lodging an appeal should run from the service on that same attorney of the December 9 letter from DOES.

247 A.2d 54, 58 n. 12 (D.C.1968); *cf. Barkins v. International Inns, Inc.*, 825 F.2d 905, 907 (5th Cir.1987) ("notice to counsel constitutes notice to client for [Fed.R. Civ.P.] 15(c) purposes"); *United States v. Everett*, 700 F.2d 900, 902 n. 5 (3d Cir.1983) (a criminal defendant represented by counsel at trial receives adequate notice when his trial counsel receives notice of government appeal). Additionally, a party in a civil action is generally "deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon his attorney." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1961).

 It follows then that for DOES to mail notice of a compensation order to an employer's counsel of record, who represented the employer in proceedings before the Department, is the equivalent of mailing notice to the employer. We cannot conclude that the Director's determination to that effect is plainly erroneous or inconsistent with the statute's intent, and hence, we will not disturb it on appeal. *See Reichley, supra* note 1, 531 A.2d at 247.

AFFIRMED.