717 A.2d 909 (1998)
Edward C. HILL, Jr., Petitioner,
v.
DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.
Greyhound Lines, Inc., Intervenor.
No. 97-AA-273.
District of Columbia Court of Appeals.
Submitted January 28, 1998.
Decided September 17, 1998.
Edward C. Hill, filed a brief pro se.
Stephen P. Zachary, Washington, DC, was on the brief for intervenor.
Jo Anne Robinson, Interim Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.
Before TERRY and FARRELL, Associate Judges, and KING, Associate Judge, Retired.[*]
TERRY, Associate Judge:
In this workers' compensation case, petitioner Edward Hill seeks review of a decision by the Director of the Department of Employment Services ("DOES"). The Director found that Hill had received slightly more than the proper amount of compensation due from his former employer, Greyhound Lines, Inc.[1] The Director also ordered Greyhound to pay interest on the total amount of benefits accruing from the date of the compensation order. He refused, however, to impose additional penalties against Greyhound based on its alleged failure to meet statutory deadlines for controverting Mr. Hill's claim for benefits and for complying with the compensation order. Greyhound now concedes that it did not pay Mr. Hill the full amount of compensation due and agrees that it must pay a penalty on the deficient amount. Greyhound also does not deny that Mr. Hill is entitled to interest, but it does dispute the amount of interest owed. Because Greyhound's concessions raise a new set of issues that have not yet been addressed by DOES, we must remand this case for further proceedings.

*910 I
Edward Hill, a bus driver formerly employed by Greyhound, filed a claim for temporary total disability benefits under the District of Columbia Workers' Compensation Act, D.C.Code §§ 36-301 et seq. (1997), based on injuries he suffered as a result of a traffic accident on January 25, 1987. On December 29, 1989, after an evidentiary hearing, a DOES hearing examiner found that Mr. Hill's injuries did not arise out of and in the course of his employment and thus denied his claim for benefits. Mr. Hill appealed to the Director of DOES, and on March 1, 1991, the Director reversed the examiner's order and remanded the case for further proceedings. The hearing examiner then issued a second compensation order on June 30, 1992, ordering Greyhound to pay Mr. Hill temporary total disability benefits from February 19, 1987, through June 1, 1988, from June 8 through June 13, 1988, and from October 25 through December 23, 1988, but awarding Greyhound a credit equal to the amount it had paid in sick leave benefits. Accordingly, on July 13, 1992, after calculating the total compensation due as $23,931.92 and the credit for sick leave as $4,375.70, Greyhound issued a check to Mr. Hill in the amount of $19,556.22.
Despite this payment, both Greyhound and Mr. Hill appealed to the Director of DOES from the second compensation order. Greyhound challenged the award of benefits, and Mr. Hill disputed the credit of $4,375.70. Hill also requested that Greyhound be penalized for its failure to comply with the compensation order within the time prescribed by D.C.Code § 36-315(f).[2] On March 21, 1994, the Director affirmed the compensation award in favor of Mr. Hill but remanded the issues of the credit and the section 36-315(f) penalty to the hearing examiner.
On March 30 Mr. Hill moved for reconsideration of the remand, arguing that the Director had failed to consider whether Greyhound controverted his right to compensation within fourteen days in accordance with section 36-315(d)[3] and therefore should be penalized under section 36-315(e).[4] In addition, Mr. Hill asked the Director to order Greyhound to reimburse him for litigation expenses. On June 16, 1994, finding that Greyhound had timely filed a notice of controversion,[5] the Director denied Mr. Hill's request for imposition of penalties under section 36-315(e). In addition, noting that reimbursement of expenses "comes within the fact-finding process ... and therefore must be presented for consideration at that adjudicatory level," the Director referred Mr. Hill's request for reimbursement to the hearing examiner, telling him to submit to the examiner "a detailed accounting of the incurred expenses with attached receipts...."
Pursuant to the March 21 remand, the examiner, on November 30, 1994, denied Mr. Hill's request for penalties under section 36-315(f) on the ground that he had "presented no competent evidence to support a claim for penalties."[6] In a later order, dated August *911 2, 1995, the examiner ruled that Greyhound was entitled to a credit of $1,221.53 rather than the credit it took of $4,375.70. Greyhound states in its brief that it sent Mr. Hill payment of $3,154.17 on August 31, reflecting the additional compensation owed, plus a 20 percent penalty of $630.83 because the compensation was not paid within ten days.[7]
On February 26, 1996, the examiner found that Mr. Hill had incurred reasonable expenses associated with his case and that Greyhound was in default, under D.C.Code § 36-319,[8] of the June 30, 1992, compensation order because it had failed to pay certain medical expenses. Accordingly, the examiner ordered Greyhound to pay Mr. Hill $1,308.23 in costs and $3,981.10 in unpaid medical expenses, a total of $5,289.33. A few weeks later, on March 22, the examiner amended his order and instead ordered Greyhound to pay Mr. Hill interest on the temporary total disability benefits awarded in the June 30, 1992, compensation order, plus an additional $8,279.25 in medical costs. However, ruling that he was without jurisdiction to do anything further because of a pending appeal, the examiner declined to address the alleged deficiency of $136.03 in compensation due and the availability of a 20 percent penalty on all benefits.[9] Greyhound states in its brief that after the March 22 order was issued, it paid interest of $40.43 on the deficiency only.
On April 26, 1996, Mr. Hill filed a motion with DOES asking that Greyhound be held in contempt under D.C.Code §§ 36-319, 36-328, and 36-333 for paying interest only on the difference between the compensation paid and the total compensation owed, rather than on the total compensation owed, and for not paying all medical expenses as ordered. On August 20 the examiner found Greyhound to be in default and ordered it to pay Mr. Hill interest "based upon the total amount of compensation due [to Mr. Hill] on June 30, 1992" (emphasis in original). He declined, however, to take any further action on the section 36-319 claim and, noting that as an administrative agency DOES does not possess contempt power, rejected Mr. Hill's request to hold Greyhound in contempt. Greyhound states in its brief that, in response to this order, it paid Mr. Hill an additional $2,853.88 in interest.
On January 31, 1997, in an effort to resolve the case once and for all, the Director consolidated all of Mr. Hill's repetitive appeals into one application for review and issued a comprehensive decision. First, through a series of calculations, the Director determined that the compensation due under the order of June 30, 1992$24,067.95 minus appropriate creditshad been fully paid by Greyhound. In fact, the Director found that Mr. Hill had been overpaid by $224.93 and that he owed Greyhound this amount. Second, the Director affirmed the examiner's decision with respect to the interest owed to Mr. Hill. Specifically, the Director ordered:
that the employer [Greyhound] pay to claimant [Mr. Hill] interest on temporary total disability benefits from February 19, 1987, to June 1, 1988, from June 8, 1988, to June 13, 1988, and from October 25, 1988, to December 23, 1988. Said interest, as ordered by the Hearing Examiner in the Amended Supplementary Compensation Order (March 22, 1996), shall be paid at *912 the rate payable at the D.C. Superior Court on judgments.
Third, the Director ordered Greyhound to pay all remaining "causally related medical expenses," if any, which Mr. Hill incurred as a result of his work-related disability.[10] Finally, finding that Greyhound had timely controverted Mr. Hill's claim for benefits and timely satisfied its obligations under the June 30, 1992, order, the Director refused to assess penalties under section 36-315(e) or (f).

II
"Administrative and judicial efficiency require that all claims be first raised at the agency level to allow appropriate development and administrative response before judicial review." Hughes v. District of Columbia Dep't of Employment Services, 498 A.2d 567, 570 (D.C.1985) (citations omitted). Our consideration of a claim raised for the first time on appeal deprives the administrative agency of its right to consider the matter, make a ruling, and state the reasons for its action. See Dietrich v. District of Columbia Board of Zoning Adjustment, 320 A.2d 282, 287 (D.C.1974). Therefore, in the absence of exceptional circumstances, we will not entertain a claim that was not raised before the agency. Glenbrook Road Ass'n v. District of Columbia Board of Zoning Adjustment, 605 A.2d 22, 33 (D.C.1992).
Greyhound admits in its brief that it did not satisfy its obligation under the compensation order, that it does still owe Mr. Hill $136.03, and that because of that deficiency, it should be assessed a 20 percent penalty under D.C.Code § 36-315(f). Moreover, Greyhound does not contest the Director's order to pay Mr. Hill all accrued interest on the compensation due under the order of June 30, 1992.
Greyhound's concessions raise two new issues. First, the parties now dispute the amount of the penalty to be assessed under section 36-315(f). Greyhound argues that it should be assessed a 20 percent penalty only on the unpaid amount of compensation due under the order of June 30, 1992; Mr. Hill counters that Greyhound should be assessed a penalty on the entire amount due. Second, the parties dispute the amount of interest to be paid. Greyhound asserts that it should pay interest on the accrued benefits only from February 19, 1987, through June 30, 1992; Mr. Hill responds that Greyhound should pay interest on the accrued benefits from February 19, 1987, to the present. A third issue also surfaces on review. At the agency level, Mr. Hill relied on Greyhound's failure to comply with D.C.Code § 36-315(g)[11] as evidence that it did not timely satisfy its obligation under the compensation order of June 30, 1992. The examiner dismissed Mr. Hill's argument. Before this court, Mr. Hill again raises the fact that Greyhound did not file a notice of final payment; this time, however, he asks us to assess a penalty as provided by section 36-315(g). Greyhound replies that it is not liable for this penalty.
Since these issues were not presented to DOES for resolution in the first instance, and since the parties have not shown exceptional circumstances (nor can we discern any) that would justify our addressing them at this juncture, we must remand the case for further proceedings. See Glenbrook Road Ass'n, 605 A.2d at 33-34; Hughes, 498 A.2d at 570; Dietrich, 320 A.2d at 287; see also District of Columbia v. Patterson, 667 A.2d 1338, 1346 n. 18 (D.C.1995) (arguments first raised in a reply brief will not be considered), cert. denied, ___ U.S. ___, 117 S.Ct. 688, 136 L.Ed.2d 612 (1997). In remanding this case, *913 we do not pass on the propriety of the agency's rulings or the merits of the parties' arguments. We do, however, expect Greyhound to abide by its concessions and to allow this matter to be resolved quickly, once and for all. Mr. Hill was injured on the job in January 1987, more than eleven and a half years ago. Taking that much time to dispose of what appears to be a straightforward workers' compensation claim strikes us as inherently unreasonable.
Remanded.
NOTES
[*] Judge King was an Associate Judge of the court at the time the case was submitted. His status changed to Associate Judge, Retired, on September 1, 1998.
[1] Greyhound has since changed its name to Transportation Leasing Co.
[2] D.C.Code § 36-315(f) provides in pertinent part:

If any compensation, payable under the terms of an award, is not paid within 10 days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20% thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in § 36-322 and an order staying payments has been issued by the Mayor or court.
[3] D.C.Code § 36-315(d) provides in pertinent part:

If the employer controverts the right to compensation he shall file with the Mayor, on or before the 14th day after he has knowledge of the alleged injury ... a notice ... stating that the right to compensation is controverted....
[4] D.C.Code § 36-315(e) provides in pertinent part:

If any installment of compensation payable without an award is not paid within 14 days after it becomes due, as provided in subsection (b) of this section, there shall be added to such unpaid installment an amount equal to 10% thereof, which shall be paid at the same time as, but in addition to, such installment....
[5] The Director found that Mr. Hill's claim for benefits was filed on March 4, 1987, and that Greyhound filed its notice of controversion on March 16, 1987.
[6] The examiner also found that, under the order of June 30, 1992, the compensation was due to be paid to Mr. Hill by September 16, 1992. It is not clear from the record how he arrived at this finding.
[7] We cannot find any record support (and Greyhound cites none) for the statements in Greyhound's brief that it paid various amounts to Mr. Hill. However, since he does not dispute them, we shall assume for present purposes that these statements are true.
[8] D.C.Code § 36-319(a) provides in pertinent part:

In case of default by the employer in the payment of compensation due under any award of compensation for a period of 30 days after the compensation is due and payable, the person to whom such compensation is payable may, within 2 years after such default, make application to the Mayor for a supplementary order declaring the amount of the default. After investigation, notice and hearing ... the Mayor shall make a supplementary order, declaring the amount of the default, which shall be filed in the same manner as the compensation order.
[9] On December 14, 1994, Mr. Hill appealed from the compensation order of November 30, 1994, arguing, among other things, that he had received only $23,931.92 in benefits from Greyhound, although he was entitled to $24,067.95, and that he was entitled to a 20 percent penalty on all benefits. These issues had not been resolved by the Director as of March 21, 1996.
[10] Greyhound does not contest its obligation to pay medical expenses; it asserts, however, that as of the date of its brief, all medical expenses have been paid. Greyhound also points out that Mr. Hill's brief does not raise any issue regarding medical expenses.
[11] D.C.Code § 36-315(g) provides in pertinent part:

Within 16 days after final payment of compensation has been made, the employer shall send to the Mayor a notice ... stating that such final payment has been made, the total amount of compensation paid, the name of the employee ... the date of the injury or death, and the date to which compensation has been paid. If the employer fails to ... notify the Mayor within such time, the Mayor shall assess against such employer a civil penalty in the amount of $100.