WASHINGTON HOSPITAL
CENTER, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent.

No. 98–AA–490.

District of Columbia Court of Appeals.

Argued Nov. 2, 1999.

Decided Dec. 30, 1999.

John C. Duncan III, Alexandria, VA, for petitioner.

Mary T. Connelly, Assistant Corporation Counsel, with whom John M. Ferren, Corporation Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for respondent.

Before FARRELL, RUIZ and REID, Associate Judges.

REID, Associate Judge:

The Washington Hospital Center ("WHC") petitions this court for review of an order of the Department of Employment Services ("DOES"), dismissing as untimely WHC's application for review of a hearing examiner's compensation order. WHC contends that DOES erred in dis-

missing the application as untimely because: 1) "the employer [WHC] had 30 days from its counsel's receipt of the Compensation Order on December 29, 1997, to file its Application for Review"; and 2) the Director of DOES refused "to permit a hearing to be held and discovery undertaken to establish the actual dates of service and filing," and "to adduce evidence to establish that the practice at O.W.C. ... is ... that the date of action in response to a Compensation Order ... begins to run once the Order has been received by counsel or the parties." We affirm.

## FACTUAL SUMMARY

On November 2, 1993, Ms. Carol Middledorf ("Claimant") injured her back while employed as a nuclear medicine technologist with WHC. Following this injury, the Claimant filed a claim for workers' compensation benefits pursuant to the provisions of the District of Columbia Workers' Compensation Act of 1979, D.C.Code § 36–301 *et seq.* (1997). On December 24, 1997, following a full evidentiary hearing, a DOES hearing examiner issued a compensation order awarding the Claimant workers' compensation benefits. Pursuant to § 36–320(e), the compensation order was certified as being mailed to all parties on December 24, 1997.[1]

On January 26, 1998, thirty-three days after the order was mailed certified to all

---

1. The final page of the compensation order stated, in relevant part,
 **APPEAL RIGHTS**
 Any party aggrieved by this order may file an application for review with the Director, Department of Employment Services.
 Send Application for Review to:
 Original to: Director, Department of Employment Services
 Attention:
 General Counsel
 500 C Street, N.W.
 Washington, D.C.
 20001
 and
 Copy to: Chief, Hearings and Adjudication Staff

 1200 Upshur Street, N.W.
 First Floor
 Washington, D.C. 20011
 **The Application for review must be filed within 30 days of the date of this order. An Application for Review is perfected by filing with the Director two (2) copies of an Application for Review, two (2) copies of a memorandum of points and authorities in support of the Application and certification, that copies of mail or delivery, upon the opposing party(ies) and the Chief, Hearings and Adjudication Staff. 7 D.C.M.R. 230.1, 230.2; Section 23(b)(2) of the Act, D.C.Code 1981, Section 36–322(b)(2).** (emphasis in original)

parties, WHC filed an application for review of compensation order. WHC does not dispute that the compensation order was certified as being mailed to its office on December 24, 1997. On March 10, 1998, the Interim Director of DOES dismissed WHC's application for review because, under D.C.Code § 36–322(b)(2), it "was filed more than 30 days after the Compensation Order was certified as having been mailed." WHC filed a timely appeal.

## ANALYSIS

WHC first contends that the filing of its application for review on January 26, 1998 was timely, because it did not receive the compensation order until December 29, 1997. Moreover, WHC argues that DOES articulated a significant policy change in one of its cases and applied that "ambiguous" policy change to it without due notice. In addition, WHC attacks a controlling decision of this court, *Greenwood's Transfer & Storage Co. v. District of Columbia Dep't of Employment Servs.*, 553 A.2d 1246, 1247 n. 1 (D.C.1989). The District of Columbia maintains that DOES has authority to clarify or change, through adjudication, its policy regarding "when a compensation order is considered filed for purposes of starting the thirty day period for appeal when, as here, the policy is consistent with the language and intent of the statute." Furthermore, argues the District, DOES' policy change is not significant and is consistent with this court's decision in *Greenwood's Transfer & Storage Co., supra,* as well as the agency's challenged decision in *Johnny Williams v. Town Center Management,* Dir. Dkt. 97–39; H & AS No. 96–408, OWC No. 296619 (August 27, 1997). The District also emphasizes that our decision in *Greenwood's Transfer & Storage Co.* forecloses the argument that the thirty day period for filing an application for review begins when the parties received the compensation order.

" 'An agency's findings of fact and conclusions of law must be affirmed if they are supported by substantial evidence.' " *Franklin v. District of Columbia Dep't of Employment Servs.,* 709 A.2d 1175, 1176 (D.C.1998) (quoting *District of Columbia v. Davis,* 685 A.2d 389, 393 (D.C. 1996)). " 'We will not disturb an agency's decision if it flows rationally from the facts which are supported by substantial evidence in the record.' " *Id.* (quoting *Oubre v. District of Columbia Dep't of Employment Servs.,* 630 A.2d 699, 702 (D.C.1993)). "We must defer to an agency's interpretation of the statute which it administers . . . so long as that interpretation is reasonable and consistent with statutory language. The agency's interpretation, therefore, is controlling unless it is plainly erroneous or inconsistent with the statute." *Lenkin Co. Management v. District of Columbia Rental Hous. Comm'n,* 642 A.2d 1282, 1285 (D.C.1994).

We agree with the Interim Director of DOES that WHC did not file a timely application for review under D.C.Code § 36–322(b)(2), which states in relevant part:

> The Mayor is authorized to establish an administrative procedure for review of compensation orders raising a substantial question of law or fact. Application for such review shall be made by any party within 30 days from the date a compensation order is filed as provided in § 36–320.

D.C.Code § 36–320(e) specifies:

> The order rejecting the claim or making the award (referred to in this chapter as compensation order) shall be filed with the Mayor, and a copy thereof shall be sent by registered or certified mail to the claimant and to the employer at the last known address of each.

Under § 36–322(b)(2), the thirty day period for making an application for review

begins to run when the compensation order is filed. Section 36–320 provides that the compensation order "shall be filed with the Mayor." The Mayor has delegated his authority under this statute to DOES. In 1987, by adjudication, DOES concluded that a compensation order is deemed filed when it is lodged in the DOES Office of General Counsel. This policy determination was challenged in *Greenwood's Transfer & Storage Co., supra.* In rejecting that challenge, we said:

> [P]etitioner overlooks the fact that the Mayor's functions under the Act have been delegated to the Director of DOES, *see Lee v. District of Columbia Dep't of Employment Servs.,* 509 A.2d 100, 102 n. 1 (D.C.1986), who has in turn directed that compensation orders be filed with the DOES Office of General Counsel—a determination which is neither plainly erroneous nor inconsistent with the intent of the Statute, *see Reichley v. District of Columbia Dep't of Employment Servs.,* 531 A.2d 244, 247 (D.C.1987).

553 A.2d at 1247 n. 1. Given this language in our decision in *Greenwood's Transfer & Storage Co., supra,* we find WHC's challenge to the agency's decision in *Johnny Williams, supra,* unpersuasive.

In *Johnny Williams, supra,* DOES interpreted § 36–320 to hold that,

> the term "filed with the Mayor" as used in § 36–320(e) [is] to mean fil[ed] with the Director. Consequently, the 30 day time period in which a party must file an Application for Review does not begin to run until the compensation order has been filed with the Director. The Director now designates the DOES's Office of Hearings and Adjudication as her agent for the filing and receipt of compensation orders. *Therefore, pursuant to § 36–320, the compensation order shall be deemed filed as of the date the compensation order is certified as having been mailed to the parties.* This policy is effective the date of this Order.

*Id.* at 2 (emphasis added). A change resulting in the filing of the compensation order with the DOES Office of Hearings and Adjudication, instead of the DOES Office of General Counsel, is not a significant change. Similarly insignificant in light of our decision in *Greenwood's Transfer & Storage Co., supra,* is the policy that "[t]he compensation order shall be deemed filed as of the date the compensation order is certified as having been mailed to the parties." We have addressed previously WHC's argument that the filing period begins to run with the receipt of the compensation order, rather than with the mailing certification:

> Petitioner next argues that the time for appealing the compensation order runs from the date of its receipt by the employer. Petitioner's reliance on 7 DCMR § 228.4 (1986) for this proposition, though, is entirely misplaced. That provision states: "Whenever the [Workers' Compensation] Act or this chapter provides a time period during which an action is to be taken, *unless otherwise expressly provided,* the time period shall run from the actual receipt of a document." (Emphasis added.) However, D.C.Code § 36–322(b)(2) (1988 Repl.) "Expressly provides" that "[a]pplication for ... review [of a compensation order] shall be made ... within thirty days from the date a compensation order is filed as provided in § 36–320."

553 A.2d at 1247 n. 1. After *Greenwood's Transfer & Storage Co,* it was quite clear that the thirty day period for filing an application for review of a compensation order is not controlled by the date on which a party receives the order.

 It is neither unusual nor inconsistent with administrative law for an agency to make policy changes through adjudication. It is well settled that an agency may establish rules of general application in either a statutory rule-making procedure or an individual adjudication.

*NLRB v. Bell Aerospace Co.,* 416 U.S. 267, 294, 94 S.Ct. 1757, 40 L.Ed.2d 134 (1974). Such adjudication may be used to announce new principles even if the principles involve a change from past policies. *Id.* The choice between rulemaking or adjudication is "within [the] informed discretion" of the agency. *Id.* (citing *NLRB v. Wyman–Gordon Co.,* 394 U.S. 759, 765–66, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969)).

Here, contrary to WHC's claims, we do not view the new policy articulated in *Johnny Williams* as a "significant policy change and departure from long-standing precedent affecting litigants' appeal rights, without due notice to the general public or to the bar." The policy announced in *Johnny Williams* represents a procedural clarification that is consistent with the statutory thirty day filing requirement set forth in § 36–322(b)(2). In short, rather than being viewed as a significant policy change, the policy articulated in *Johnny Williams* should be regarded as an adjudicatory change designed to provide for a consistent means of administering the appeals process. *See Reichley, supra,* 531 A.2d 244, 249 (D.C.1987).

 It is true, however, that when a new rule is established through individual adjudication, due process requires that the agency "provide notice which is reasonably calculated to inform all those whose legally protected interests may be affected by the new principle." *North Alabama Express, Inc. v. United States,* 585 F.2d 783, 786 (5th Cir.1978). Even assuming that WHC did not have access to the *Johnny Williams'* decision four months after it was decided, as WHC maintained for the first time at oral argument, the compensation order mailed to WHC on December 24, 1997, clearly informed it that "[t]he Application for Review must be filed within thirty days of the date of th[e] order." Moreover, the Acting Chief of the Hearings and Adjudication Staff certified that the compensation order was sent out on December 24, 1997, the date on which the order was signed by the Hearings and Appeals Examiner. Thus, a prudent attorney, acting reasonably, would have complied with the explicit appeal instructions set forth in the compensation order and filed the application for review within thirty days of the date of the order, rather than taking a chance that several days would elapse between the compensation decision and the time the order was stamped "received" in the Director's office.[2]

Therefore, in light of our opinion in *Greenwood's Transfer & Storage Co., supra,* and DOES's decision in *Johnny Williams, supra,* we conclude that it was not a significant policy change for the Interim Director of DOES to order that "the compensation order shall be deemed filed as of the date the compensation order is certified as having been mailed to the parties." Furthermore, we conclude that WHC was provided with adequate notice of this new policy to satisfy due process requirements. Finally, we see no need for a hearing "to establish the actual dates of service and filing." Unlike our decision in *Montgomery v. District of Columbia Dep't of Employment Servs.,* 723 A.2d 399 (D.C. 1999), the record in this case is adequate to determine whether WHC's appeal was timely. Since the hearing examiner's compensation order was undeniably certified as being mailed to all parties on December 24, 1997, and WHC received actual notice that "[t]he application for review must be filed within 30 days of the date, of this order," we agree with DOES that WHC's application for review is untimely.

Accordingly, for the foregoing reasons, we affirm the judgment of the Department of Employment Services.

---

2. At oral argument, WHC argued, for the first time, that workers compensation practitioners had come to rely on the several-day lag between the decision, and the time an order was stamped as received in the Director's office.