Antonio THOMPSON, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SER-VICES, Respondent,**

and

**Washington Metropolitan Area Transit Authority, Intervenor.**

No. 03–AA–642.

District of Columbia Court of Appeals.

Argued April 20, 2004.

Decided May 6, 2004.

---

Antonio Thompson, pro se.

Alan D. Sundburg, Washington, Dc, for intervenor.

Robert J. Spagnoletti, Corporation Counsel, Edward E. Schwab, Acting Deputy Corporation Counsel at the time of filing, and William J. Earl, Assistant Corporation Counsel, submitted a statement in lieu of brief for respondent.

Before SCHWELB, RUIZ and WASHINGTON, Associate Judges.

RUIZ, Associate Judge:

Antonio Thompson petitions for review of a decision of the director of the District of Columbia Department of Employment Services dismissing as untimely his application for review of a disability compensation order denying his claim for workers' compensation benefits. Petitioner contends that the director's decision was in error because he (petitioner) relied on information provided to him by the Department of Employment Services Office of the General Counsel advising him that his application would be considered timely so long as it was mailed within thirty days of the filing of the compensation order. Because petitioner did not give the director notice of the argument he now raises before us, and the record is insufficient to support it, we must deny his petition.

On November 29, 2002, in Docket No. 03–03, Administrative Law Judge Anand K. Verma issued a compensation order denying petitioner his request for benefits based upon a finding that the alleged emotional injury did not arise out of and in the course of employment. The certificate of service shows that the order was mailed to petitioner on that date.[1] On December 30, 2002, petitioner mailed an application for review, which was received by the director on January 14, 2003. On January 29, 2003, intervenor moved to dismiss the application for review as untimely, having been filed more than thirty days from the date of the compensation order. Petitioner did not oppose the motion to dismiss. The director dismissed the application for review as untimely, noting that petitioner had until December 30, 2002, to file an application for review. *See* D.C.Code § 32–1522(b)(2) (2001). Petitioner then petitioned this court for review.[2]

---

1. The compensation order stated that the application for review "must be filed within 30 days of the date of the filing of this Order with the Mayor as provided in ... D.C.Code § 32–1522(a). An application for review is perfected by filing with the Director two (2) copies of an Application for Review, two (2) copies of a memorandum of points and authorities in support of the application and certification that copies of the application and memorandum have been served, by mail or delivery, upon the opposing part[ies] and the Chief, Office of Hearing and Adjudications. 7 DCMR §§ 230.1, 230.2; § 23(b)(2) of the Act, D.C.Code, 1991, § 32–1522(b)(2)." Section 32–1522(b)(2) states in pertinent part that "[t]he Mayor is authorized to establish an administrative procedure for review of compensation orders raising a substantial question of law or fact. Application for such review shall be made by any party within 30 days from the date a compensation order is filed as provided in § 32–1520."

2. During oral argument petitioner asserted that a second petition for review had been filed with this court from a similar dismissal order in Docket No. 03–40, issued on May 30, 2003. Our records do not show a petition for review from the dismissal order in No. 03–40.

■ In this court, petitioner argues for the first time that his application for review was timely filed based on information given to him by the Office of the General Counsel advising him that his application for review would be considered timely so long as he mailed it within thirty days from the date of the compensation order. In support of his argument, petitioner attempts to introduce evidence on appeal—specifically, a fax sent by the Office of the General Counsel and copies of several post office receipts—that would show that he mailed the application for review on December 30, 2002, relying on what he was told in a phone conversation with a person in the Office of the General Counsel. We have held in an analogous context that a jurisdictional bar cannot be invoked if the agency has not provided notice that was "reasonably calculated to apprise petitioner of the decision of the claims deputy and an opportunity to contest that decision through an administrative appeal." *Ploufe v. District of Columbia Dep't of Employment Servs.*, 497 A.2d 464, 465 (D.C.1985) (citation omitted). Petitioner did not respond to intervenor's motion to dismiss, and at no point prior to his petition for review in this court has petitioner addressed the timeliness issue, nor has he submitted to the agency the evidence he claims supports his argument that he acted in accordance with the agency's advice. Because petitioner did not give the director notice of the argument he now raises before us, it was not adequately preserved for our review. *See Hill v. District of Columbia Dep't of Employment Servs.*, 717 A.2d 909, 912 (D.C.1998).

■ Considering petitioner's claim on the basis of the record before the director, we conclude that there is substantial evidence to support the director's decision that the application for review was untimely. Petitioner argues that the thirty-day period to file an application for review begins to run on the date that he received the compensation order. Petitioner's reliance on 7 DCMR § 228.4 (1986) for this proposition is misplaced. That provision states: "Whenever the [Workers' Compensation] Act or this chapter provides a time period during which an action is to be taken, *unless otherwise expressly provided*, the time period shall run from the actual receipt of a document." *Id.* (emphasis added). Falling into the exception for expressly contrary provisions, D.C.Code § 32–1522(b)(2) provides that "[a]pplication for ... review [of a compensation order] shall be made ... within 30 days from the date a compensation order is filed as provided in § 32–1520." *See Greenwood's Transfer & Storage Co., Inc. v. District of Columbia Dep't of Employment Servs.*, 553 A.2d 1246, 1247 n. 1 (D.C.1989). Section 32–1520(e) specifies that "[t]he order rejecting the claim or making the award (referred to in this chapter as a compensation order) shall be filed with the Mayor, and a copy thereof shall be sent by registered or certified mailed to the claimant and to the employer at the last known address of each." D.C.Code § 32–1520(e) (2001). In *Williams v. Town Ctr. Mgmt.*, Dir. Dkt. No. 97–39, 1997 D.C. Wrk. Comp. Lexis 216, * (Aug. 27, 1997), the

Intervenor's brief asserts, and petitioner does not dispute, the procedural history of Docket No. 03–40. According to intervenor, in Docket No. 03–40 the director dismissed petitioner's application for review as untimely given that, like in Docket No. 03–03, the application was filed beyond the 30–day period prescribed by § 32–1522(b)(2), as the compensation order from which petitioner had filed his application for review was issued on February 12, 2003, but petitioner's application for review was not received by the director until March 19, 2003. Therefore, the same reasoning we follow in the text would apply with respect to the order of dismissal in Docket No. 03–40.

director interpreted the term "filed with the Mayor" as used in § 32–1520(e) to mean "filing with the director." *Id.* at * 3. In addition, the director explained that "the compensation order shall be deemed filed as of the date the compensation order is certified as having been mailed to the parties." *Id.* We have already upheld the director's interpretation of the statutory requirement in the *Williams* case. *See Washington Hosp. Ctr. v. District of Columbia Dep't of Employment Servs.*, 743 A.2d 1208, 1211 (D.C.1999). The record shows that the compensation order was filed with the director and mailed to petitioner on November 29, 2002. Therefore, under D.C.Code § 32–1522(b)(2) petitioner had until December 30, 2002 to "make" his application for review with the director.[3] The director has interpreted § 32–1522(b)(2) as requiring *receipt* by the director within the statutory thirty-day period. *See West v. Washington Hosp. Ctr.*, Dir. Dkt. No. 99–97, 2000 D.C. Wrk. Comp. Lexis 99, * 1–2 (Mar. 30, 2000). The director's interpretation focusing on receipt is consistent with 7 DCMR § 228.4, because pursuant to D.C.Code § 32–1522(b)(2) the application for review commences the forty-five day period during which the director must act, or the compensation order will be considered a final decision. As petitioner's application for review was not received by the director until January 14, 2003, the director properly dismissed it as untimely.[4]

3. The thirtieth day fell on December 29, 2002—a Sunday.

4. Although we sustain the director's interpretation that the application for review must be received by the director by the thirtieth day of the period provided in D.C.Code § 32–1522(b)(2), we are sympathetic to petitioner's point that the different operative events that mark the beginning (mailing to litigants of the compensation order) and the end (receipt of

Therefore, for the reasons set forth above, the director's decision is

*Affirmed.*

the application for review by the director) of the thirty-day period are not self-evident and could be confusing to *pro se* litigants. Moreover, even though the director's decisions, such as the *West* case on which we rely in this opinion, are now available through electronic data bases, they are not readily accessible to *pro se* claimants. We encourage the director to make available a clear explanation of the applicable rules to litigants.