Florence M. GALLIGAN, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES (WORKERS' COMPENSA-
TION), Respondent,

John F. Kennedy Center For
Performing Arts, et al.,
Intervenors.

No. 05–AA–1343.

District of Columbia Court of Appeals.

Argued Dec. 18, 2006.

Decided March 15, 2007.

Michael W. Galligan, of the bar of the State of New York, pro hac vice, New York City, by special leave of court.

Joel E. Ogden, Salisbury, MD, for intervenors.

Robert J. Spagnoletti, Attorney General for the District of Columbia at the time, and Todd S. Kim, Solicitor General, filed a statement in lieu of brief for respondent.

Before FARRELL, REID and KRAMER, Associate Judges.

PER CURIAM:

On October 20, 2005, the Compensation Review Board ("CRB") of the District of Columbia Department of Employment Services ("DOES") issued a decision and order dismissing petitioner Florence M. Galligan's application for review of the compensation order issued by an Administrative Law Judge ("ALJ") regarding her claim for temporary total disability under the District of Columbia Worker's Compensation Act of 1979, D.C.Code §§ 32–1501 et seq. (2001). She contends that the CRB erred in dismissing her application for review under D.C.Code § 32–1522(a). We vacate the order dismissing Ms. Galligan's application for review and remand this case to the CRB for further consideration of the timeliness issue, consistent with this opinion.

**FACTUAL SUMMARY**

The record before us reveals that Ms. Galligan was injured in a fall while working as an usher at the John F. Kennedy Center For Performing Arts ("the Kennedy Center") in July of 2001. She filed a workers' compensation claim, and on January 29, 2004, the ALJ, the Honorable Karen Calmeise, issued a compensation order awarding her temporary total disability benefits for a specified period of time. Attached to the compensation order was a statement of "appeal rights" which specified, in part: "The Application for Review must be filed within 30 days of the date of the filing of this Order with the Mayor as provided in § 23(a) of the Act, D.C.Code, as amended, § 32–1522(a)." The order

was sent to Ms. Galligan, who handled her claim *pro se,* by certified mail on January 29th. Ms. Galligan maintained that she was out of town until about February 13, 2004, and upon her return she was unable to enter her apartment for a week due to a gas leak. Hence, she did not become aware of the compensation order until around February 18, 2004.

Ms. Galligan asserted that she contacted the Office of the Director of DOES as well as Judge Calmeise on February 25, 2004, asking both how to properly prepare and file her claim. In a letter to the Director of DOES, dated March 3, 2004, Ms. Galligan wrote that she called Judge Calmeise and that the ALJ left her a message informing her that she should contact the Director of DOES. She stated that she "need[ed] more time to thoroughly study and read [the ALJ's] decision and that is the purpose of this motion and this letter." She added that she "asked to be considered for permanent total disability." On March 5, 2004, DOES recorded that Ms. Galligan had filed an application for review; notice of this was sent to counsel for the Kennedy Center on March 23, 2004. On April 2, 2004, counsel for the Kennedy Center responded by letter. He noted that the March 5, 2004, document was "best characterized as a motion to extend time[,]" and that "claimant has again offered a . . . story for not having received the compensation order on a timely basis. She has provided no documentation in support of her claim . . . ; [therefore,] her petition should be denied as untimely[.]"

On April 5, 2004, Ms. Galligan filed a "Memorandum on Appeal" in which she delineated her objections to the ALJ's compensation order. The intervenors filed their response to the application for review, and the matter was briefed through

June of 2004.[1]

On October 20, 2005, the CRB issued its decision and order. The CRB essentially found that 7 DCMR § 230.2 required the party seeking review of an ALJ decision to file an application "within thirty (30) days from the date shown on the Certificate of Service of the Compensation Order." The CRB concluded that because the compensation order was filed and mailed on January 29, 2004, Ms. Galligan should have lodged her application by February 28, 2004, but "did not file any correspondence with the Director's office until March 5, 2004 which consists of a letter asking for additional time in order to file an application to appeal certain aspects of the ALJ's compensation order." The CRB concluded that "Petitioner's correspondence requesting addition[al] time to file an appeal is 5 days late," and therefore untimely under the Act.

## ANALYSIS

Ms. Galligan, relying partly on her status as a *pro se* litigant, contends that she relied to her detriment on misleading statements made to her by DOES officials about when her notice of appeal from the ALJ's decision had to be filed. She cites *Nelson v. District of Columbia Dep't of Employment Servs.*, 530 A.2d 1193 (D.C. 1987) for the principle that where "a *pro se* applicant for entitlement benefits has potentially been misled as to her appellate rights and [thus] may have received an inadequate opportunity to present her arguments to the agency," she may be entitled to a remand "for an appropriate hear-

ing and factual findings on ... whether," among other things, "she was in fact misled in her second-level appeal ... to her detriment." *Id.* at 1196.

Here, Ms. Galligan asserts that, to assist her in preparing a timely appeal on her own from the ALJ's order, she "called the Office of the Director of [DOES] on or about February 25, 2004[,] before the expiration of thirty days after issuance of the [o]rder[,] and spoke to" a senior attorney on the Director's staff, who advised her "that she should file a motion to extend the time to file an appeal." She was not told that the motion had to be filed before the thirty days expired, and indeed, when she filed the motion to extend on March 5, 2004, it "was accepted for filing by [the senior attorney] of the Director's office, who subsequently recommended that [she] prepare her full appeal as expeditiously as possible."

▮▮▮ Thus, whether or not the Director had actual authority to extend her time in which to appeal, Ms. Galligan maintains that his staff reasonably caused her to believe he could do so upon a motion filed expeditiously even outside the normal appeal period, and that she acted upon that reasonable belief. What representations, if any, were actually made to Ms. Galligan along those lines is not a matter of record before us, but we think that, as in *Nelson*, especially given her *pro se* status at the time, she is entitled to a remand for consideration of whether in fact she relied on mistaken assurances by the Director's office about how to file a timely appeal.[2] Accordingly, we remand

---

1. After June of 2004, DOES apparently misplaced the case file on this matter and in August of 2005, asked Ms. Galligan to submit all documents related to her appeal.

2. In *Thompson v. District of Columbia Dep't of Employment Servs.*, 848 A.2d 593 (D.C. 2004), the petitioner made a similar argument

that he had "relied on information provided to him by the Department of Employment Services Office of the General Counsel advising him [incorrectly] that his application [for review] would be considered timely so long as it was mailed within thirty days of the filing of the compensation order." *Id.* at 594. We did

this case for that purpose while observing that DOES could eliminate disputes of this sort by complete clarity in the written notice of rights as to when an appeal must be filed.[3]

*So ordered.*

not reject the argument out of hand, stating that "[w]e have held in an analogous context that a jurisdictional bar cannot be invoked if the agency has not provided notice [reasonably calculated to advise a claimant of her appeal rights]," *id.* at 595; but we concluded that the petitioner had not preserved the point because he had not raised it when the employer moved to dismiss the agency-level appeal as untimely. *Id.* In the present case, where the Kennedy Center filed no formal motion to dismiss petitioner's agency appeal, we do not think she forfeited the right to have the CRB consider the facts regarding her alleged communication with a DOES official.

3. As we previously said: "We encourage the [D]irector to make available a clear explanation of the applicable rules to litigants." *Thompson, supra,* 848 A.2d at 596 n. 4. For example, in the notice of appeal rights in this case DOES could have stated whether the thirty day time period for the administrative application for review refers to calendar days or to business days.