**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6257**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOHNNY OTIS DILLARD,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Norman K. Moon, District Judge.  (4:03-cr-70134-nkm-4)

Submitted:  May 21, 2009          Decided:  June 1, 2009

Before MOTZ, TRAXLER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Johnny Otis Dillard, Appellant Pro Se.  Donald Ray Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Otis Dillard appeals the district court's denial of his motion for reconsideration of the district court's order denying a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006). We affirm.

Dillard pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 846 (2006), for which the district court sentenced him to 100 months' imprisonment and five years supervised release.

Dillard filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582. The court denied the motion on August 8, 2008. Almost six months after the entry of judgment, in February of 2009, Dillard filed another § 3582 motion seeking relief on the same grounds as his original § 3582 motion. Because the district court had previously acted on Dillard's first motion for reduction of sentence, it construed the motion as one for reconsideration.

"[T]he Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed." Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985). However, the Supreme Court has held that a motion for rehearing or reconsideration extends the time for filing a notice of

2

appeal in a criminal case if the motion is filed before the order sought to be reconsidered becomes final, and the period for filing an appeal starts after the motion for reconsideration has been ruled on. See United States v. Ibarra, 502 U.S. 1 (1991); United States v. Christy, 3 F.3d 765, 767 n.1 (4th Cir. 1993). Because Dillard filed his motion to reconsider well beyond the expiration of the ten day period to appeal, the district court properly dismissed it as untimely.

Accordingly, we affirm the district court's order. United States v. Dillard, No. 4:03-cr-70134-nkm-4 (W.D. Va. Feb. 3, 2009). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED