Donna MARSDEN, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent.

No. 11–AA–0915.

District of Columbia Court of Appeals.

Submitted Oct. 30, 2012.

Decided Jan. 3, 2013.

Kirk D. Williams was on the brief for petitioner.

Richard S. Love, Senior Assistant Attorney General, with whom Irvin B. Nathan, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, and Donna M. Murasky, Deputy Solicitor General, were on the brief, for respondent.

Before BLACKBURNE–RIGSBY and McLEESE, Associate Judges, and SCHWELB, Senior Judge.

McLEESE, Associate Judge:

Donna Marsden, a teacher with the District of Columbia Public Schools, challenges a decision by the Compensation Review Board ("CRB") that the Office of Hearings and Adjudication ("OHA") did not have jurisdiction to decide the merits of her untimely challenge to the denial of her claim for disability benefits. Ms. Marsden acknowledges that she did not submit a timely request for either review or reconsideration of the initial denial of

her claim by the Office of Risk Management Disability Compensation Program ("ORM"). She contends, however, that OHA nevertheless had jurisdiction to decide the claim on the merits, because after she filed an untimely request for reconsideration by ORM, which ORM denied as untimely, she filed a timely request for review by OHA. In the alternative, Ms. Marsden argues that the applicable time limits must be disregarded, because ORM failed to give her adequate notice of her right to request that ORM waive the deadline for requesting reconsideration. We affirm.

## I.

While proctoring an examination, Ms. Marsden became unconscious and fell to the floor. Ms. Marsden subsequently sought workers' compensation disability benefits. On January 15, 2009, ORM issued a notice denying Ms. Marsden's claim for compensation. The notice stated that if Ms. Marsden disagreed with ORM's determination, she could either: (1) request reconsideration by ORM or (2) appeal the notice to OHA. The notice further explained, "The date when [ORM] receives your documentation is very important. If you submit your request for reconsideration on or after the 31st day after the date of this notice, your request will be considered untimely and [ORM] shall deny the Request for Reconsideration as untimely without ruling on the merits."

On March 27, 2009, well more than thirty days after ORM denied her claim, Ms. Marsden filed a request for reconsideration by ORM. ORM denied the request as untimely submitted, and therefore upheld the original denial of Ms. Marsden's claim. ORM also notified Ms. Marsden of her right to seek a formal hearing before OHA within thirty days of the denial of the request for reconsideration.

Ms. Marsden requested a hearing with OHA within thirty days. As a threshold matter, OHA concluded that it had jurisdiction to address the merits of Ms. Marsden's claims, because Ms. Marsden had timely sought review of ORM's denial of her reconsideration request as untimely. OHA also noted that ORM's order denying reconsideration as untimely did not contain any language informing Ms. Marsden of her right to request a waiver of the filing deadline for reconsideration requests. On the merits, OHA concluded that Ms. Marsden was entitled to temporary total disability benefits.

The District of Columbia Public Schools appealed OHA's compensation order to CRB, which vacated the compensation award. CRB determined that OHA lacked authority to review Ms. Marsden's claim on the merits, because Ms. Marsden failed to exhaust administrative procedures, having filed an untimely request for reconsideration. CRB acknowledged that ORM did not advise Ms. Marsden of her right to seek a good-cause waiver of the deadline for reconsideration requests. CRB concluded, however, that ORM did not have a duty to provide such advice.

## II.

Under the District of Columbia's workers' compensation statute, ORM is required to make a determination within thirty days after a claim for benefits is filed. D.C.Code § 1–623.24(a) (2001). A claimant who does not agree with the determination is entitled to a hearing before OHA upon a request made within thirty days of the issuance of the determination. D.C.Code § 1–623.24(b)(1). Alternatively, a claimant may ask ORM to reconsider the determination within thirty days of its issuance. 7 DCMR § 3134.5 (repealed 2012). A request for reconsideration received after thirty days is denied as un-

timely, without a ruling on the merits. 7 DCMR § 3134.6. If ORM denies a request for reconsideration, a claimant has thirty days from the date of ORM's decision on reconsideration to appeal to OHA. 7 DCMR § 3134.10.

It is undisputed that Ms. Marsden did not seek a hearing before OHA within thirty days of ORM's initial ruling, and that she did not timely file a request for reconsideration with ORM. Ms. Marsden nevertheless contends that her untimely request for reconsideration by ORM entitled her to a ruling on the merits from OHA. We are not persuaded by Ms. Marsden's contention.

In support of her argument, Ms. Marsden relies heavily on the language of two provisions: D.C.Code § 1–623.24(b)(1), which provides generally that claimants may seek review by OHA of rulings on compensation claims as long as they do so within thirty days; and 7 DCMR § 3134.10, which states without qualification that ORM's denial of a request for reconsideration may be appealed to OHA within thirty days. Ms. Marsden construes the language of these provisions to permit a claimant whose claim is rejected on the merits by ORM to obtain review of that ruling by OHA at any time, no matter how long after ORM has ruled, by the simple expedient of filing an untimely request for reconsideration by ORM and then, after ORM denies the request as untimely, timely seeking review of ORM's denial.

We cannot accept Ms. Marsden's interpretation of the pertinent provisions,

because that interpretation effectively nullifies the carefully drawn time limits reflected in the regulatory scheme. *Cf. Household Fin. Corp. III v. First Am. Title Ins. Co.*, 669 A.2d 703, 706 (D.C. 1995) ("Logic and sound judicial administration likewise preclude our countenancing the use of Rule 60(b)(1) as a means of circumventing the 10–day requirement of Rule 59(e), and of thus retroactively conferring validity on an untimely claim of legal error. It would be incongruous to read Rule 59(e) as stating, in effect, that a litigant must assert such a claim within 10 days of the judgment but that, if he fails to do so, he will be permitted to assert it anyway, without suffering any adverse consequence. Such a construction would remove any incentive for the litigant to comply with the time period specified in Rule 59(e), and would thus effectively nullify the 10–day limitation."); *United States v. Dillard*, 326 Fed.Appx. 130, 130–31 (4th Cir.2009) (filing of untimely motion to reconsider does not extend time within which appeal must be taken).

The Department of Employment Services interprets the pertinent provisions more reasonably, as providing two ways to seek review by OHA: either by seeking review immediately, through a request filed with OHA within thirty days of ORM's initial decision; or by first seeking timely reconsideration by ORM, followed by a timely request for review by OHA.[1] We owe that interpretation substantial deference. *See Hotel Tabard Inn v. District*

---

1. We assume that a claimant whose request for reconsideration is denied by ORM as untimely could obtain review of the correctness of that denial, by filing a timely request that OHA review the denial. But such review would be limited to the correctness of the untimeliness ruling, and would not provide a basis for review of the merits of the original

order. *Cf., e.g., Fleming v. District of Columbia*, 633 A.2d 846, 849 (D.C.1993) (where party moves for relief from judgment under Super. Ct. Civ. R. 60(b) and timely appeals from denial of motion but not from judgment itself, court of appeals may not review merits of underlying judgment, but rather may review only ruling denying Rule 60(b) motion).

*of Columbia Dep't of Consumer & Regulatory Affairs,* 747 A.2d 1168, 1174 (D.C. 2000); *1330 Conn. Ave., Inc. v. District of Columbia Zoning Comm'n,* 669 A.2d 708, 714 (D.C.1995).

### III.

 A claimant may request a waiver of the deadline for filing a request for reconsideration, on the basis that good cause justifying late filing existed during the thirty days following ORM's final determination. 7 DCMR § 3134.7. In order to obtain a waiver, the claimant must submit a request demonstrating good cause within 180 days of the date of issuance. *Id.*

Ms. Marsden did not exercise her right to request a good-cause waiver. She contends, however, that ORM did not adequately notify her of this right in its decision on reconsideration. Ms. Marsden also emphasizes that she was unrepresented by counsel "during the relevant period." Implicitly, Ms. Marsden suggests that the thirty-day limit is therefore unenforceable, and her request for review by OHA must be treated as timely. We conclude to the contrary.

First, Ms. Marsden does not cite any authority to support the implication that ORM's time limit for reconsideration could properly be treated as unenforceable simply because Ms. Marsden was not advised about the possibility of seeking a good-cause waiver of that time limit. Second, Ms. Marsden does not contend before this court that she in fact had good cause to justify such a waiver.[2] Third, a May 22, 2009, document reflects that Ms. Marsden was represented by counsel for a significant part of the 180-day period within which she could have requested a good-

cause waiver of the time limit for filing a motion to reconsider. Under these circumstances, we see no basis for treating the thirty-day time limit as unenforceable. *Cf., e.g., Watergate Improvement Assocs. v. Public Serv. Comm'n,* 326 A.2d 778, 786 (D.C.1974) ("The requirements of procedural due process are met if ... a complainant was given adequate opportunity to prepare and present its position to the [agency] and ... no prejudice resulted from the originally deficient notice.").

The order of CRB is therefore

*Affirmed.*

---

2. Ms. Marsden did attempt to establish good cause before OHA, testifying that she had been occupied by the illness and death of her father, who became ill just before ORM's initial denial and was buried on February 20, 2009. Ms. Marsden's request for reconsideration was received by ORM on March 27, 2009.