# District of Columbia
# Court of Appeals

**No. 15-CV-1068**

DONNA MARSDEN,

Appellant,



F I L E D

JUL 14 2016

DISTRICT OF COLUMBIA
COURT OF APPEALS

v.

**CAB-2744-14**

DISTRICT OF COLUMBIA,

Appellee.

On Appeal from the Superior Court of the District of Columbia
Civil Division

BEFORE: THOMPSON and MCLEESE, *Associate Judges*; and FARRELL, *Senior Judge*.

**J U D G M E N T**

This case came to be heard on the transcript of record and the briefs filed, and was argued by counsel. On consideration whereof, and as set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the judgment on appeal is reversed and remanded for further proceedings

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: July 14, 2016.

Opinion by Associate Judge Roy W. McLeese.

Concurring opinion by Senior Judge Michael W. Farrell.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-CV-1068

DONNA MARSDEN, APPELLANT,

v.

DISTRICT OF COLUMBIA, APPELLEE.

FILED 7/14/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeal from the Superior Court
of the District of Columbia
(CAB-2744-14)

(Hon. Maurice A. Ross, Trial Judge)

(Argued April 19, 2016                                    Decided July 14, 2016)

*Bernadette Sargeant* for appellant.

*Richard S. Love*, Senior Assistant Attorney General, with whom *Karl A. Racine*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, and *Loren L. AliKhan*, Deputy Solicitor General, were on the brief, for appellee.

Before THOMPSON and MCLEESE, *Associate Judges*, and FARRELL, *Senior Judge*.

Opinion for the court by *Associate Judge* MCLEESE.

Concurring opinion by *Senior Judge* FARRELL, at page 13.

MCLEESE, *Associate Judge*: Appellee the District of Columbia sued appellant Donna Marsden, seeking to recover over $100,000 that the District had paid Ms. Marsden in connection with a disability-compensation claim that was ultimately denied. The trial court granted summary judgment to the District on the District's claim of unjust enrichment. We reverse and remand for further proceedings.

## I.

Ms. Marsden filed a claim for disability compensation with the District of Columbia Office of Risk Management (ORM) in connection with an injury that Ms. Marsden sustained while working as an employee of the District of Columbia Public Schools. *Marsden v. District of Columbia Dep't of Emp't Servs.*, 58 A.3d 472, 473 (D.C. 2013). The ORM denied the initial claim in 2009, and Ms. Marsden appealed. *Id.* After an Administrative Law Judge (ALJ) awarded Ms. Marsden disability compensation, the District appealed to the Compensation Review Board (CRB). *Id.* While the appeal was pending, the District sent payments to Ms. Marsden in compliance with the ALJ's decision. In June 2011, the CRB reversed the ALJ's decision, on the ground that Ms. Marsden had not timely sought review of the ORM's denial. *Id.* The District stopped sending

payments to Ms. Marsden in September 2011. This court affirmed the CRB's decision in January 2013. *Id.* at 472-75.

In September 2013, the ORM sent Ms. Marsden written notice that she had received a $143,789.89 overpayment between November 2008 and September 2011. The notice included a preliminary determination that, although Ms. Marsden was not at fault for the overpayment, the ORM would be taking action under D.C. Code § 1-623.29 (2006 Repl.) to recover the full amount. The notice also explained that Ms. Marsden had "the right to request a waiver of the . . . recovery." Finally, the notice stated that if information supporting a waiver request was not provided within thirty days, the waiver request would be denied. Ms. Marsden did not file a waiver request.

In May 2014, the District filed a complaint against Ms. Marsden in Superior Court, among other things seeking recovery under the doctrine of unjust enrichment. The trial court orally granted summary judgment to the District on its unjust-enrichment claim.[1]

---

[1] The District also raised a conversion claim, as to which the trial court granted summary judgment to Ms. Marsden. Although the District objects to that ruling in a conclusory footnote, we generally do not consider arguments presented in that fashion. *Wagner v. Georgetown Univ. Med. Ctr.*, 768 A.2d 546, 554 n.9 (D.C.

(continued . . .)

## II.

We review de novo orders granting summary judgment. *Steele v. Salb*, 93 A.3d 1277, 1281 (D.C. 2014). We also review de novo a trial court's determination whether unjust enrichment occurred on a given set of facts. *Kramer Assocs., Inc. v. Ikam, Ltd.*, 888 A.2d 247, 254 (D.C. 2005).

"Unjust enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." *Euclid St., LLC v. District of Columbia Water & Sewer Auth.*, 41 A.3d 453, 463 n.10 (D.C. 2012) (internal quotation marks omitted). The District brought its claim of unjust enrichment against Ms. Marsden pursuant to D.C. Code § 1-623.29, which permits the District in some cases to recover overpayments made to recipients of disability compensation. D.C. Code § 1-623.29 (a). Recovery under that provision "shall be waived," however, if (1) "incorrect payment has been made to an individual who is without fault," *id.* at § 1-623.29 (b)(1); and (2) recovery would "defeat the

(continued . . .)
2001). Adhering to that practice, we do not consider the District's conversion claim.

purposes of" the statute, meaning that the recipient "needs substantially all of his or her current income, including compensation[,] to meet current ordinary and necessary living expenses," *id.* at § 1-623.29 (b)(1), (2)(A)(iii); or (3) recovery would "be against equity and good conscience," meaning that recovery would "cause severe financial hardship" to the recipient, *id.* at § 1-623.29 (b)(1), (2)(A)(iv).

Recipients from whom the government is trying recover overpayments have a right to present evidence or request a hearing in connection with a waiver request, but they must do so within thirty days of receiving written notice of the District's intent to recover the overpayment, unless that time limit is waived for good cause, including "mental or physical incapacity." D.C. Code § 1-623.29 (b-1)(1). The statute also provides that recipients seeking waiver of repayment must respond to requests for information within thirty days and that failure to do so "shall result in a denial of a request for a waiver and no further request for a waiver shall be considered until the requested information is furnished." D.C. Code § 1-623.29 (b-1)(2).

The Mayor is authorized to promulgate regulations governing the recovery of disability-compensation overpayments. D.C. Code § 1-623.29 (a). Under the applicable regulation:

> Any request for a waiver . . . of overpayment must be submitted to ORM within thirty (30) days of the date of the overpayment notice issued by the Program. Failure to submit the waiver . . . within thirty (30) days shall result in denial of a waiver . . . . The Program may waive the thirty (30) day requirement for good cause, including a finding of mental or physical incapacity of the claimant, or lack of timely receipt of the notice of . . . recoupment.

7 DCMR § 142.3 (2016). The regulations do not establish an administrative procedure for the District to recover disability-compensation overpayments. *Id.* at §§ 142.1-.6. The District therefore must bring a suit in order to recover such overpayments.

## III.

Ms. Marsden does not dispute that she received a benefit from the District. She does dispute that she has retained the benefit, claiming that she has spent the overpayment. We are not persuaded by this argument. In determining whether Ms. Marsden has retained a benefit, for purposes of the second element of unjust

enrichment, the issue is whether Ms. Marsden has returned the overpayment to the District, not whether Ms. Marsden has otherwise spent the overpayment. *Cf., e.g.*, *Kramer Assocs., Inc.*, 888 A.2d at 254 ("plain" that recipient "retained a benefit" where plaintiff transferred funds to defendant and defendant did not repay any of funds to plaintiff). That Ms. Marsden may have spent the overpayment instead is potentially relevant to the third element of unjust enrichment: whether it would be unjust to permit Ms. Marsden to avoid repayment. *See generally, e.g.*, 2 Restatement (Third) of Restitution & Unjust Enrichment § 65 & cmt. c (Am. Law Inst. 2011) (requiring repayment may be inequitable where innocent recipient relied on benefit to make expenditures that recipient would not otherwise have made).

The principal issue on appeal is whether permitting Ms. Marsden to avoid repayment would be unjust. In ruling for the District on that issue, the trial court relied primarily on two circumstances: (1) Ms. Marsden failed to request a waiver of repayment before the ORM despite receiving notice of her right to seek a waiver; (2) the District's appeal to the CRB put Ms. Marsden on notice that she might not be entitled to keep the payments she received. The trial court also expressed the view that it should not be inserting its judgment for that of the ORM.

Ms. Marsden argues that her failure to seek an administrative waiver is irrelevant. In essence, Ms. Marsden argues that the administrative waiver process is entirely optional and that Ms. Marsden's failure to seek an administrative waiver has no effect on whether it would be unjust to permit Ms. Marsden to avoid repayment. Ms. Marsden further argues that, in determining whether it would be unjust for her to avoid repayment, the trial court was obliged to enforce the substantive standard reflected in section 1-623.29 (b)(1) (repayment shall be waived if recipient is not at fault and requiring repayment would cause hardship). In contrast, the District suggests that Ms. Marsden's failure to seek an administrative waiver essentially forecloses Ms. Marsden's effort to avoid repayment. The trial court appears largely to have agreed with the District on this point.

Our view falls between the views of Ms. Marsden and the District. The procedures applicable to recovery of overpayment are an unusual hybrid. Although there is an administrative process for recipients to obtain a waiver of repayment, there is no administrative process for the District to obtain repayment. Rather, repayment must be obtained by a separate legal action, in this case based on a claim of unjust enrichment. The applicable statutes and regulations do not explicitly indicate that the administrative waiver process is mandatory and that an

individual who does not seek such a waiver is precluded from avoiding repayment if the District brings suit in court. The District's notice of intent to seek repayment also did not provide Ms. Marsden with that information.

There is a general doctrine that parties must exhaust available administrative remedies. *See, e.g.*, *Stackhouse v. District of Columbia Dep't of Emp't Servs.*, 111 A.3d 636, 639 (D.C. 2015) ("Administrative and judicial efficiency require that all claims be first raised at the agency level to allow appropriate development and administrative response before judicial review. . . . Therefore, in the absence of exceptional circumstances, we will not entertain a claim that was not raised before the agency.") (internal quotation marks omitted). "The exhaustion requirement is not in general jurisdictional in nature, but rather must be applied in accord with its purposes." *Northeast Neighbors for Responsible Growth, Inc. v. Appletree Inst. for Educ. Innovation, Inc.*, 92 A.3d 1114, 1125 (D.C. 2014) (brackets and internal quotation marks omitted). As we have explained, "The exhaustion rule . . . is not carved in stone. . . . This court has affirmed the principle that there are circumstances in which a court of equity is justified in considering the merits of an administrative action, notwithstanding the petitioner's failure to exhaust administrative remedies." *Barnett v. District of Columbia Dep't of Emp't Servs.*, 491 A.2d 1156, 1160-61 (D.C. 1985). In *Barnett*, for example, this court declined

to enforce an exhaustion requirement, in part because the case involved a claim for unemployment compensation. *Id.* at 1159-63. As we explained, the unemployment-compensation statutes are remedial in character and often involve unrepresented claimants. *Id.* ("[R]esort to technicalities to foreclose recourse to judicial processes is particularly inappropriate, especially in a statutory scheme like this one in which laymen, unassisted by trained lawyers, initiate the process.") (brackets, ellipses, citations, and internal quotation marks omitted).

A number of considerations combine to persuade us that, at least on the current record, the exhaustion requirement should not by itself defeat Ms. Marsden's contention that permitting her to avoid repayment would not be unjust. First, worker's compensation and disability statutes, like unemployment-compensation statutes, are remedial in character and are generally construed liberally in favor of claimants. *E.g.*, *O'Rourke v. District of Columbia Police & Firefighters' Ret. & Relief Bd.*, 46 A.3d 378, 389 (D.C. 2012). Although we recognize that Ms. Marsden's disability claim was ultimately denied, on procedural grounds, the District acknowledges that Ms. Marsden was not at fault for receiving the overpayment. Moreover, the overpayment statute itself reflects a substantive policy against recovery of overpayment where recovery would impose undue hardship. D.C. Code § 1-623.29 (b)(1), (2)(A)(iii), (2)(A)(iv). Second, Ms.

Marsden apparently was not represented at the time she received notice of the District's intent to seek overpayment and of the availability of an administrative waiver process. Third, as previously noted, the overpayment statute, the regulations, and the District's notice do not expressly state that the administrative waiver process is an exclusive remedy and that failure to invoke that process would preclude the recipient from contesting repayment in court. Fourth, the overpayment statute and regulations provide for waiver of the applicable time limits on good cause shown. D.C. Code § 1-623.29 (b-1)(1), (2); 7 DCMR § 142.3. Finally, although Ms. Marsden has not formally sought such a waiver from the agency, she has in substance argued that there was good cause for her failure to seek an administrative waiver.[2] Specifically, Ms. Marsden has argued that her medical condition interfered with her ability to read, understand, and process mail, apparently including the ORM's notification of overpayment.

We do not, however, go so far as to conclude that a recipient's failure to seek an administrative waiver is completely irrelevant in all suits brought by the District under the overpayment statute. Whether permitting a recipient to avoid

---

[2] The District has not argued that the good-cause and hardship determinations must in all cases be made in the first instance by the agency. We therefore do not address whether, upon proper request, the trial court could or should have held this suit in abeyance to permit proceedings before the ORM to establish good cause or hardship.

repayment would be unjust requires a highly contextual balancing of all of the equities. *4934, Inc. v. District of Columbia Dep't of Emp't Servs.*, 605 A.2d 50, 56 (D.C. 1992) ("[E]very unjust enrichment case is factually unique, for whether there has been unjust enrichment must be determined by the nature of the dealings between the recipient of the benefit and the party seeking restitution, and those dealings will necessarily vary from one case to the next."). In some circumstances, a recipient's failure to seek an administrative waiver could potentially bear on that equitable balancing. In this case, however, the trial court has not made any findings concerning the circumstances of Ms. Marsden's failure to seek an administrative waiver. *Cf. Kramer Assocs., Inc.*, 888 A.2d at 254 (noting that whether unjust enrichment occurred may turn on factual determinations). We therefore are not in a position to definitively resolve the case on the current record. Rather, we remand the case to the trial court to further consider whether, given the circumstances of this case and in light of the factors discussed in this opinion, it would be unjust for Ms. Marsden to avoid repayment.

In sum, we reverse the judgment and remand for further proceedings.

*So ordered.*

FARRELL, *Senior Judge*, concurring: The District should consider pursuing amending legislation or a regulatory initiative in this area. Overpayments of disability compensation cannot be a rarity, witness the elaborate statutory administrative process the court summarizes for deciding which should be recouped and which forgiven. If the decision is to recoup, one would logically expect that same process to lead to an administrative order of repayment, followed by an appeal of right to the Office of Administrative Hearings by the aggrieved payee.

But the statute does not so provide, which means that if the District believes funds are being unjustly retained, it must file suit in Superior Court to reclaim them; and then a Superior Court judge must conduct "a highly contextual balancing of all of the equities," *ante* at 11-12, to decide whether an order of repayment is just in the circumstances -- very much like the statutory balancing the agency will have done already. The difference is that, in the court action, a payee's disregard of the statute's carefully-wrought administrative process for relief from repayment counts only as one among the factors to be balanced (though a possibly weighty one in a given case).

It is in the District's, and the public's, interest to ask whether this "hybrid" procedure, *ante* at 8, should not be replaced by a unified one within the framework of administrative law. That would have obvious advantages: It would comport with the way workers' (and unemployment) compensation matters are all but exclusively handled otherwise; it would remove an occasional burden from a busy trial court; and, most significantly from the District's standpoint, it would sharpen the teeth of the statute's waiver provision for failure to comply with the administrative relief procedures.