*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-AA-381

FILED 04/19/2018
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

FRANCES JOHNSON, PETITIONER,

V.

DISTRICT OF COLUMBIA
DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT.

On Petition for Review of an Order of the
District of Columbia Department of Employment Services
Compensation Review Board
(CRB 134-14)

(Argued April 19, 2016      Decided February 21, 2018)[*]

*Robert K. Magovern* for petitioner.

*Richard S. Love*, Senior Assistant Attorney General, with whom *Karl A. Racine*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General at the time the brief was filed, and *Loren L. AliKhan*, Deputy Solicitor General at the time the brief was filed.

Before GLICKMAN and BECKWITH, *Associate Judges*, and WASHINGTON, *Senior Judge*.[**]

---

[*] The decision in the case was originally issued as an unpublished Memorandum Opinions and Judgment. It is now being published upon the court's grant of the Legal Aid Society's motion to publish.

[**] Judge Washington was Chief Judge at the time of argument. His status changed to Senior Judge on March 20, 2017.

GLICKMAN, *Associate Judge*: Petitioner Frances Johnson challenges a decision of the Compensation Review Board ("CRB") in her workers' compensation case. She contends the CRB erred (1) in concluding that her employer, the District of Columbia Department of Public Works ("DPW"), had preserved its argument that her request for reconsideration of the initial denial of her claim for disability benefits was untimely, and (2) in affirming the denial of her claim by an Administrative Law Judge ("ALJ") due to the untimeliness of her reconsideration request. We affirm the CRB's ruling that DPW did not waive or abandon its objection to the timeliness of Ms. Johnson's request for reconsideration. However, we remand for further findings and a determination of whether the filing deadline for that request was tolled for equitable reasons identified by Ms. Johnson in her formal hearing testimony before the ALJ.

**I.**

Ms. Johnson was injured in a work-related accident on November 17, 2008, when another DPW employee ran her over with a street sweeper. She filed a timely claim for workers' compensation benefits with the Office of Risk Management Disability Compensation Program ("ORM"), which administered such claims for DPW. ORM denied the claim on December 19, 2008, "due to abandonment for failure to file and return the required claim forms." The notice of

denial informed Ms. Johnson that she had thirty days to request reconsideration of this decision.

At the time, the thirty-day deadline for requesting reconsideration by ORM was contained in 7 DCMR §§ 3134.5 and 3134.6; the latter regulation specified that ORM would deny a reconsideration request received after thirty days as untimely without ruling on the merits. 7 DCMR § 3134.7 allowed an employee to request a waiver of the thirty-day filing deadline for good cause shown, but provided that "[i]n no event shall a request for a waiver of the deadline be considered after one hundred eighty (180) days . . . ."[1]

It was not until November 13, 2009, however – nearly eleven months after ORM's denial of her claim – that Ms. Johnson made a (handwritten, *pro se*) request for reconsideration. On December 16, 2009, ORM denied the request as untimely and informed Ms. Johnson that she could apply for a formal hearing in the Office of Hearings and Adjudication ("OHA") within thirty days. Ms. Johnson sought such a hearing, which eventually took place before an ALJ in OHA's Administrative Hearing Division ("AHD") on December 13, 2010.[2]

---

[1] These provisions were repealed in 2012.

[2] Ms. Johnson requested a formal hearing on January 5, 2010, but misfiled her application with the Office of Workers' Compensation ("OWC") instead of filing it with OHA. At some point between January 5 and January 20, 2010, the

*(continued…)*

In its prehearing statements and in the course of the December 13 hearing, DPW contended that (1) the AHD lacked jurisdiction because Ms. Johnson's application for a formal OHA hearing was untimely,[3] and (2) if AHD had jurisdiction, the only issue before it was whether ORM properly had denied Ms. Johnson's request for reconsideration as untimely. DPW also presented the first of these contentions in a prehearing motion to dismiss for lack of jurisdiction, to which Ms. Johnson furnished a written opposition. Regarding the second contention (which is the only one at issue in the present appeal), Ms. Johnson testified in the December 13 hearing that her admitted delay in seeking reconsideration was due to the fact that her supervisor at DPW and her claim representative at ORM led her to believe her workers' compensation claim was

---

*(...continued)*

application was transferred from OWC to OHA. On January 25, 2010, OHA notified Ms. Johnson that her application was incomplete. She supplemented it on January 27, 2010. After some delays, a hearing was commenced on September 8, 2010, but the hearing was aborted before the presentation of evidence and Ms. Johnson was permitted to withdraw her application for a formal hearing without prejudice to her refiling it, which she did. The formal hearing finally was held on December 13, 2010.

[3] D.C. Code § 1-623.24 (b)(1) (2016 Repl.) provides that an employee who is dissatisfied with ORM's decision on her claim is entitled to a hearing before OHA "on request made within 30 days after the date of the issuance of the decision. . . ." DPW asserted that Ms. Johnson failed to submit her request within 30 days.

being processed and that she could disregard the December 19, 2008, notice of denial.[4]

On March 15, 2011, the ALJ issued a Compensation Order dismissing Ms. Johnson's claim on the sole ground that her request for a formal OHA hearing was untimely because it was filed on January 27, 2010, which was more than thirty days after ORM denied reconsideration on December 16, 2009. The ALJ did not address the timeliness of Ms. Johnson's request for reconsideration by ORM of its earlier denial notice or her testimony concerning that topic. After the CRB affirmed the Compensation Order (also without addressing the timeliness of the reconsideration request), Ms. Johnson sought review in this court. While her petition for review was pending, the Department of Employment Services ("DOES") moved with her consent to vacate the CRB's decision and direct the

---

[4] As we understand her testimony, Ms. Johnson claims that between December 2008 and early January 2009, she worked with Ronnie Jackson, her supervisor at DPW, and Melissa Ecban, her ORM claim representative, to collect and submit all the documentation required for ORM to process her claim. Certain required claim forms had to be completed by her supervisor. Ms. Johnson testified that Mr. Jackson signed and dated the forms in her presence and informed her that he had faxed them to ORM. Apparently, however, this material was never filed. Ms. Johnson further testified that after she received the December 19, 2008, notice of denial, Ms. Ecban "assured" her that she had found her documentation and told her to "disregard" the notice of denial because it had been issued in "error." Ms. Johnson also maintained that in January 2009, after hearing nothing further, she called ORM again and "they assured me that they were processing my claim, everything was being taken care [of]."

CRB to remand the case to the ALJ for further proceedings focusing on Ms. Johnson's reconsideration request. In that remand, the consent motion explained,

> Respondent[5] intends to request that the Administrative Law Judge make findings and render a decision concerning the timeliness of petitioner's November 13, 2009[,] Request for Reconsideration. It is petitioner's position that the issue of the timeliness of petitioner's November 13, 2009[,] Request for Reconsideration has been waived by respondent, litigated, and decided by both the Administrative Law Judge and the CRB. Petitioner therefore believes that this issue can no longer be raised by respondent before the Administrative Law Judge. Respondent disagrees. If this issue is resolved favorably to petitioner, the Administrative Law Judge will then address the merits of petitioner's claim for public sector workers' compensation. If it is not, the case will be concluded.

This court granted the motion, vacated the CRB's decision, and remanded the case "to the administrative agency for further proceedings consistent with the statements made in respondent's motion."[6]

---

[5] Although the motion identified the respondent as DOES, in this quoted paragraph the word "respondent" refers to Ms. Johnson's governmental employer and adversary in the administrative proceedings before DOES, i.e., DPW.

[6] Although the consent motion stated that, if Ms. Johnson prevailed with respect to the timeliness of her reconsideration request, *the ALJ* would address the merits of her workers' compensation claim, we do not understand that to be procedurally correct. *See Marsden v. District of Columbia Dep't of Emp't Servs.*, 58 A.3d 472, 474 n.1 (D.C. 2013) ("We assume that a claimant whose request for reconsideration is denied by ORM as untimely could obtain review of the correctness of that denial, by filing a timely request that OHA review the denial.

*(continued…)*

The case returned to the CRB, which issued a decision and remand order on October 2, 2012. In that order, the CRB declared that "certain legal positions" identified in the consent motion were "appropriate for determination by the CRB now" on the administrative record before it. The CRB proceeded to decide those issues. Specifically, it determined that DPW had not waived its challenge to the timeliness of Ms. Johnson's reconsideration request, inasmuch as "[t]hroughout the evidentiary hearing counsel for the employer asserted that the claim was not timely because the claimant did not ask for reconsideration within 30 days." Further, the CRB found, this timeliness issue "was not litigated and decided" in the prior proceedings, either by the ALJ or the CRB; in particular, "the ALJ did not make any legal findings as to the legal effect of [Ms. Johnson's] filing a reconsideration request 11 months after her claim was denied nor did the ALJ analyze this issue with respect to the legal precedent." Accordingly, the CRB "remand[ed] this case to the Office of Hearings and Adjudication for a determination as to whether the claim is barred because the claimant did not timely file a reconsideration request."[7]

_____

*(…continued)*
But such review would be limited to the correctness of the untimeliness ruling, and would not provide a basis for review of the merits of the original order.").

[7] Ms. Johnson's petition for immediate review by this court of the CRB's decision and remand order was dismissed for lack of jurisdiction because the decision was not a final order.

Without holding another hearing or inviting briefing by the parties, the ALJ issued a Compensation Order on Remand on October 30, 2014. The ALJ found it "undisputed" that Ms. Johnson did not file her request for reconsideration until eleven months after ORM denied her claim – "well beyond" both the normal thirty-day deadline for such requests and the 180 days allowed on a showing of good cause. Her failure to comply with those regulatory deadlines, the ALJ ruled, "operate[s] as a bar preventing a hearing on the merits of [her] case." In reaching this conclusion, the ALJ did not address Ms. Johnson's claim that she was misled into disregarding the December 19, 2008, notice of denial.

In the March 17, 2015, decision and order now before us for review, the CRB affirmed the ALJ's ruling. The CRB rejected Ms. Johnson's contention that, on remand from this court in 2012, it had improperly determined issues – whether DPW had waived its challenge to the timeliness of Ms. Johnson's request for reconsideration and whether the timeliness of that request had been litigated and decided in the earlier proceedings – that should have been presented to the ALJ for resolution. The CRB explained that it was "beyond question" that DPW had raised the timeliness issue in the initial OHA proceedings before the ALJ (and hence had not waived it), and that the issue had not been "litigated to conclusion." The CRB said it had made those determinations "as a matter of law," and that "[a]ny contrary conclusion by the ALJ would, by necessity, be erroneous and subject to reversal by

the CRB." The CRB noted that this court's remand "was to the agency, not the ALJ," and that "[n]either the remand order nor the consent motion specified that any issues that were appropriate for resolution by the CRB should be directed to the ALJ."

The CRB also rejected Ms. Johnson's argument that the ALJ and the CRB should have solicited additional briefing, evidence, or argument before rendering their decisions on remand. Such additional input was unnecessary, the CRB concluded, because the timeliness of Ms. Johnson's reconsideration request was "part of the case" prior to and at the December 13, 2010, hearing before the ALJ, and "[b]oth parties had the opportunity to present evidence and argument on that issue at those times."

Finally, the CRB affirmed the ALJ's determination on remand that Ms. Johnson's request for reconsideration was untimely. This determination, the CRB said, merely "required fact findings concerning when the Notice of Denial was issued, and when the Request for Reconsideration was filed," and the CRB found that the ALJ's factual findings on those particular matters were supported by substantial evidence and were not even disputed by Ms. Johnson. Like the ALJ, the CRB did not address the import of Ms. Johnson's testimony that ORM and her employer had led her to believe she could disregard the denial notice. While acknowledging Ms. Johnson's argument that there was "other evidence . . . that

should have resulted in a contrary finding," the CRB stated that because the ALJ's determination was supported by substantial evidence, it was "not permitted to substitute [its] judgment for that of the ALJ."

Ms. Johnson timely petitioned this court to review the CRB's decision.

## II.

The scope of our review is limited. In reviewing CRB decisions, our task is "to determine whether they are '[a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"[8] Although "we review the decision of the Board, not that of the ALJ[,]" in doing so "we cannot ignore the compensation order which is the subject of the Board's review" in assessing whether the CRB's decision stands.[9] Thus, we will affirm a CRB decision if "(1) the agency made findings of fact on each contested material factual issue, (2) substantial evidence supports each finding, and (3) the agency's conclusions of law flow rationally from its findings of fact."[10] We will not affirm a decision that "reflects a misconception

---

[8] *Georgetown Univ. v. District of Columbia Dep't of Emp't Servs.*, 971 A.2d 909, 915 (D.C. 2009) (quoting D.C. Code § 2-510 (a)(3)(A) (2016 Repl.)).

[9] *Georgetown Univ. Hosp. v. District of Columbia Dep't of Emp't Servs.*, 916 A.2d 149, 151 (D.C. 2007).

[10] *Georgetown Univ.*, 971 A.2d at 915.

of the relevant law or a faulty application of the law[,]" or that does not allow us to "confidently ascertain either the precise legal principles on which the agency relied or its underlying factual determinations."[11]  Moreover, we may set aside a determination that we find to have been rendered "[w]ithout observance of procedure required by law. . . ."[12]

Ms. Johnson presents two basic challenges to the CRB's decision, which we shall address in turn.  First, Ms. Johnson contends that the CRB erred in deciding that DPW did not forgo its claim that her reconsideration request was untimely.  She argues that the CRB erred procedurally by resolving this question itself instead of remanding for additional factual development or at least requesting briefing; and that the CRB's resolution was erroneous because DPW abandoned its claim by omitting it from its prehearing motion to dismiss for lack of jurisdiction and from its opposition to her appeal of the ALJ's initial decision to the CRB.

Second, Ms. Johnson argues that the CRB erred in affirming the ALJ's determination that the untimeliness of her reconsideration request barred her claim when neither the ALJ nor the CRB took account of her testimony explaining that her request was delayed because she was misled by the actions of her employer

---

[11]  *Id.* (internal quotation marks omitted).

[12]  D.C. Code § 2-510 (a)(3)(D).

and ORM. Ms. Johnson argues that application of the doctrine of equitable tolling is warranted in these circumstances.

## A.

We are not persuaded that the CRB reversibly erred either procedurally or substantively in deciding that DPW did not waive its claim that her reconsideration request was untimely. First, neither the consent motion for remand filed by DOES, nor this court's order granting the motion and remanding the case "to the administrative agency for further proceedings consistent with the statements made in" that motion, precluded the CRB from deciding the waiver issue prior to remanding the case back to the ALJ for the timeliness determination. Second, because the waiver issue was (as the CRB said) a question of law on an undisputed record, it was not inappropriate for the CRB to decide it itself.[13] Ms. Johnson points to no agency rule of procedure requiring the question to be submitted first to the ALJ or otherwise precluding the action taken by the CRB in this case.

---

[13] We previously have recognized that when the CRB has before it a sufficient record to answer a legal question, "if the CRB [does] not wish to require the ALJ to do more than make findings of fact, the CRB [may] decide[] the legal issue itself." *District of Columbia Dep't of Mental Health v. District of Columbia Dep't of Emp't Servs.*, 15 A.3d 692, 698 (D.C. 2011).

Third, while we agree that the CRB should have solicited briefing from the parties before deciding the contested legal issue of waiver, Ms. Johnson was not prejudiced by its failure to do so because (1) the issue was purely one of law on an unambiguous record that needed no amplification,[14] and (2) Ms. Johnson ultimately was afforded the opportunity to present her arguments to the CRB when she appealed the ALJ's Compensation Order on Remand.

Fourth, on the merits, we agree with the CRB that the record clearly shows that DPW preserved its claim that Ms. Johnson's reconsideration request was untimely. As the CRB observed, DPW pressed this contention repeatedly at all relevant times prior to and during the December 13, 2010, hearing before the ALJ. Ms. Johnson responded to it in her testimony at the hearing. We consider it immaterial that DPW did not include the argument in its prehearing motion to dismiss for want of jurisdiction.[15] Although that motion relied solely on the purported untimeliness of Ms. Johnson's application for a formal OHA hearing, DPW continued to press its claim that her request for reconsideration also was

---

[14] No further testimony or other evidence was required, nor would it have been relevant, for the CRB to decide the legal question of waiver. Thus, we reject Ms. Johnson's contention that the CRB should have afforded her an opportunity to present evidence before the CRB decided there had been no waiver.

[15] *See Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 734 (D.C. 2000) (holding that the defendant did not waive a statute of limitations defense by not including it in its motion to dismiss).

untimely. Four days after DPW filed the motion to dismiss on October 22, 2010, it presented both grounds in its prehearing statement, and it reiterated both grounds at the December 13 formal hearing.

Moreover, since the ALJ dismissed Ms. Johnson's claim on the first ground (for want of jurisdiction) without addressing DPW's second contention that her reconsideration request was untimely, DPW did not abandon the latter contention by not presenting it in its opposition to Ms. Johnson's appeal to the CRB as an alternative ground for affirmance. Indeed, the CRB would have been ill-advised to consider the fact-specific contention at that stage.[16] Rather, if the CRB had reversed the ALJ's jurisdictional ruling (instead of affirming it, as it did), that would have allowed DPW to seek an initial ruling on its remaining ground for dismissal on remand.

Accordingly, we hold that the CRB did not act arbitrarily, capriciously, or otherwise illegally, or abuse its discretion, in ruling that DPW had preserved its

---

[16] *Cf.* 19 MOORE'S FEDERAL PRACTICE § 205.06 (3d ed. 2017) ("[I]f two issues were presented to the agency, and the agency found the first issue to be dispositive without considering the second issue, a court that reverses the agency's decision ordinarily should not proceed to decide the merits of the second issue. Rather, the proper course usually is to remand to the agency for consideration of the alternative argument."); *EastBanc, Inc. v. Georgetown Park Assocs. II, L.P.*, 940 A.2d 996, 1008-09 (D.C. 2008) (reversing grant of summary judgment and declining to address "for the first time on appeal" additional arguments that the appellee made in the trial court because the trial court had not reached them).

challenge to the timeliness of Ms. Johnson's request for reconsideration of ORM's denial of her claim.

**B.**

The *contested* issue of fact for the ALJ on remand in this case was not whether Ms. Johnson requested ORM to reconsider its denial of her claim within the time frames established by the applicable regulations, i.e., within thirty days or, upon a showing of good cause to justify her delay, 180 days. There was no dispute that Ms. Johnson did not file her request until approximately eleven months after her claim was denied. The material *contested* factual issues related to whether equitable tolling of the filing deadlines is warranted in this case based on Ms. Johnson's testimony that DPW and ORM misled her into believing ORM was continuing to process her claim and that she should disregard the denial notice. If her testimony is credited and the facts are found in her favor, they possibly may support her invocation of the doctrine of equitable tolling.[17] But the ALJ made no

---

[17] *See, e.g.*, *Mathis v. District of Columbia Hous. Auth.*, 124 A.3d 1089, 1104-06 (D.C. 2015) (holding appeal filing deadline equitably tolled where delay was attributable to administrative agency's provision of misinformation to petitioner). *See also Vlaicu v. United States INS*, 998 F.2d 758, 760 (9th Cir. 1993) (holding that appeal to the Board of Immigration Appeals should not have been dismissed as untimely because the agency itself misled the petitioners into believing that their actions sufficed to comply with appeal requirements); *Gates v. Georgia-Pacific Corp.*, 492 F.2d 292, 295 (9th Cir. 1974) (statute of limitations

*(continued…)*

findings of fact regarding Ms. Johnson's testimony and did not address equitable tolling at all. Neither did the CRB. "[W]e will not 'assume that [an] issue has been considered *sub silentio* when there is no discernible evidence that it has.'"[18]

The CRB frequently has acknowledged that non-jurisdictional filing deadlines in workers' compensation cases are subject to tolling "when equity so requires."[19] Respondent does not contend that the deadline for Ms. Johnson's reconsideration request was jurisdictional (though it does argue that the deadline should be strictly enforced). The CRB itself apparently understood the deadline not to be jurisdictional; if it were, the CRB presumably would have held on remand that DPW *could not* have waived its challenge to the timeliness of Ms. Johnson's

---

*(...continued)*
tolled because the Equal Employment Opportunity Commission failed to inform claimant that she had 30 days to file suit and therefore was at fault for her failure to observe the deadline).

[18] *District of Columbia Dep't of Mental Health*, 15 A.3d at 697 (quoting *Branson v. District of Columbia Dep't of Emp't Servs.*, 801 A.2d 975, 979 (D.C. 2002)).

[19] *Daniels v. District of Columbia Water & Sewer Auth.*, CRB No. 05-236, 2005 DC Wrk. Comp. LEXIS 153, at *6 (July 27, 2005) ("[T]he filing of a timely appeal is not a jurisdictional prerequisite to appellate review, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling when equity so requires."); *see also Mendez v. District of Columbia Public Schools*, CRB No. 10-065, 2011 DC Wrk. Comp. LEXIS 472 at *11-12 (Nov. 29, 2011) (filing deadline was equitably tolled because the claimant had "relied upon the representations of an employee [of the Commission] that a one day extension would be granted" when she failed to file timely).

reconsideration request instead of examining the record to determine that DPW *did not* waive this challenge.[20] Instead, the 30-day and 180-day deadlines appear to be "quintessential claim-processing rules" that were promulgated by the agency "for the orderly transaction of its business."[21] As such, and despite their "emphatic" and seemingly "mandatory" language,[22] the deadlines "may be extended or waived" when sufficiently compelling equitable considerations warrant doing so.[23]

Whether the equities in Ms. Johnson's favor are sufficiently compelling to excuse the tardiness of her request for reconsideration of ORM's denial notice remains to be determined. It is necessary for us to remand this case again to the

---

[20] *See Gatewood v. District of Columbia Water & Sewer Auth.*, 82 A.3d 41, 46 (D.C. 2013) ("Jurisdictional rules may be raised at any point in the proceedings and are not subject to waiver, however late they are invoked."). "This court generally defers to an agency's interpretation of its own regulations unless that interpretation is 'plainly erroneous or inconsistent with the regulations.'" *District of Columbia Office of Tax & Revenue v. BAE Sys. Enter. Sys., Inc.*, 56 A.3d 477, 481 (D.C. 2012) (quoting *1330 Conn. Ave., Inc. v. District of Columbia Zoning Comm'n*, 669 A.2d 708, 714 (D.C. 1995)).

[21] *Gatewood*, 82 A.3d at 48 (internal quotation marks omitted).

[22] "Not all rules stated in 'mandatory' language, 'however emphatic, are . . . properly typed jurisdictional.'" *Id.* (footnote omitted); *see also, e.g.*, *Mathis*, 124 A.3d at 1102. Thus, although 7 DCMR § 3134.6 provided that ORM "shall" deny a reconsideration request received after thirty days as untimely, and § 3134.7 provided that "[i]n no event shall a request for a waiver of the deadline [for good cause] be considered" after 180 days, that does not mean either deadline was jurisdictional and not subject to equitable tolling in an appropriate case.

[23] *Gatewood*, 82 A.3d at 46.

agency for the necessary fact finding and legal determinations required by Ms. Johnson's equitable tolling claim. While we will not venture to instruct the agency on the precise procedures it should follow, we will observe that affording the parties an opportunity to brief the issue might well prove helpful in reaching a legally sound resolution.

## III.

The judgment of the CRB is reversed and this matter is remanded for further proceedings not inconsistent with this decision.

*So ordered.*