# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-7026**                                    **September Term, 2021**

**1:17-cv-02501-RDM**

**Filed On:** January 4, 2022

Vitaly Evgenievich Pilkin,

        Appellant

      v.

Sony Interactive Entertainment LLC and
Hogan Lovells US LLP,

        Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Rogers, Pillard, and Walker, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's January 16, 2019, July 24, 2020, and March 12, 2021 orders, be affirmed. The district court correctly dismissed Sony Interactive Entertainment, LLC for lack of personal jurisdiction. See Erwin-Simpson v. AirAsia Berhad, 985 F.3d 883, 888–89 (D.C. Cir. 2021) (construing D.C. Code § 13-334 and § 13-422); D.C. Code § 13-423(a)(1), (3)–(4); see also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (holding that courts may decide questions of personal jurisdiction before subject matter jurisdiction).

Further, the district court correctly concluded that appellant's second amended complaint against Hogan Lovells US LLP should be dismissed because it failed to comply with Federal Rule of Civil Procedure 8(a)(2). See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2) "demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]"). The district court also correctly concluded in the alternative that appellant's complaint warranted dismissal under Federal Rule of Civil Procedure 12(b)(6) because it failed to state a claim for unjust enrichment under D.C. law, see Marsden v. District of Columbia, 142 A.3d 525, 527 (D.C. 2016) (explaining that to prove unjust enrichment under D.C. law, a plaintiff must

show that the defendant retained "a benefit" conferred by the plaintiff), nor does it state any other claim for relief.

Finally, the district court properly dismissed Sony Corporation from this case pursuant to Federal Rule of Civil Procedure 21.  See In re Lorazepam & Clorazepate Antitrust Litig., 631 F.3d 537, 542 (D.C. Cir. 2011) (concluding that courts may dismiss parties as "so-called 'jurisdictional spoilers'" if they "are not indispensable and if there would be no prejudice to the parties").  Nor did it abuse its discretion by denying as "futile" appellant's motion for leave to file a third amended complaint, see Hettinga v. United States, 677 F.3d 471, 480 (D.C. Cir. 2012) (per curiam), or by denying appellant's motion for Rule 11 sanctions, see Hourani v. Mirtchev, 796 F.3d 1, 18 (D.C. Cir. 2015).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk